IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

  v.

CHRISTOPHER SELLS and TIMOTHY MURAWSKI,

    Defendants.
_____/

No. C 11-4941 CW

ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION OF ORDER FOR APPEAL

    Defendant Christopher Sells moves for an order certifying an interlocutory appeal of the August 10, 2012, order denying Defendants' motion to dismiss. Defendant Timothy Murawski joins in the motion for certification. Defendants seek certification for appeal of two issues:

1. Where a defendant did not "make" an alleged misstatement under Janus Capital Group, Inc. v. First Derivative Traders, 131 S.Ct. 2296 (2011), may the SEC nonetheless bring scheme liability claims under Rule 10b-5(a) and (c) premised on such a misstatement?

2. Does the holding of Janus apply to claims under Section 17(a) of the Securities Act?

    Having reviewed Defendants' moving papers, the Court determines that the matter is suitable for decision without further briefing or oral argument, and DENIES the motion for the

reasons set forth below. The motion hearing noticed for November 15, 2012 is hereby VACATED.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an appeal of an interlocutory order only if three factors are present. First, the issue to be certified must involve a "controlling question of law." 28 U.S.C. § 1292(b). Establishing that a question of law is controlling requires a showing that the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)).

Second, there must be "substantial ground for difference of opinion" on the issue. 28 U.S.C. § 1292(b). "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011).

Third, it must be likely that an interlocutory appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); In re Cement, 673 F.2d at 1026. In light of the legislative policy underlying § 1292 that the statute be used only in exceptional situations, an interlocutory appeal should be certified only when doing so "would avoid protracted and expensive litigation." In re Cement, 673 F.2d at 1026. If, by contrast, an interlocutory appeal would delay resolution of the litigation, it should not be certified. See Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988).

2

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. Id. A court has substantial discretion in deciding whether to grant a party's motion for certification. Brown v. Oneonta, 916 F. Supp. 176, 180 (N.D.N.Y. 1996), rev'd in part on other grounds, 106 F.3d 1125 (2nd Cir. 1997).

## DISCUSSION

Defendants do not meet their burden under § 1292 to show that it is likely that an appeal will materially advance the ultimate termination of this litigation. On the contrary, an immediate appeal is likely to delay, rather than advance, the end of this case. The complaint initiating this action was filed on October 6, 2011, and after the Court issued its decision denying Defendants' motion to dismiss, Defendants filed their answers to the complaint on August 24, 2012. The parties have engaged in discovery, and the Court will hold a case management conference on October 24, 2012, to set deadlines and pretrial and trial dates in this action. To certify an interlocutory appeal at this juncture would certainly delay the litigation, whereas an interlocutory appeal could only materially advance the ultimate termination of

3

this litigation if the Ninth Circuit accepts the appeal and rules in favor of Defendants on all the above-mentioned issues.

Furthermore, as Defendants acknowledge, resolution of the issues on which they seek appeal would not address all claims asserted against either Defendant. See Mot. at 7 ("If, as Mr. Sells urges, the SEC's First Claim for Relief under Rule 10b-5(a) and (c) and its Third Claim for Relief under Section 17(a) must be dismissed, then . . . [t]he primary focus of the SEC's remaining claims against Mr. Sells would [ ] be aiding-and-abetting."). Thus, even if the Ninth Circuit were to rule favorably for Defendants on interlocutory appeal, the parties would nevertheless continue to litigate this action. Defendants therefore fail to meet their burden to show the likelihood that immediate appeal would materially advance the ultimate termination of the litigation.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion for certification of an interlocutory appeal. (Docket No. 72.)

IT IS SO ORDERED.

Dated: 10/15/2012

CLAUDIA WILKEN
United States District Judge

4