UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER SELLS, and others<br><br>Defendants. | Case No. 11-cv-04941 CW (NC)<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 49, 66 |

Defendant Timothy Murawski moved to compel the SEC to produce responses to his requests for production (RFPs) and interrogatories, which seek documents and information concerning nonparty Jessica Ayars Dubois. The SEC's claims against Murawski are based in part on the testimony that Dubois provided to the SEC. On August 31, 2012, this Court found that the documents Murawski sought are protected work product under *Hickman v. Taylor*, 329 U.S. 495 (1947). The Court granted in part and denied in part Murawski's motion, ordered the SEC to respond to interrogatory set one, number two, and ordered the SEC to submit documents SEC000001-11 and SEC0000095-96 for *in camera* review. Dkt. No. 66. The remaining issue is whether Murawski has the right to discover these documents.

Under *Hickman*, work product can be discovered only in the rare situation in which the movant makes "a far stronger showing of necessity and unavailability by other means"

than the one required by Rule 26(b)(3).  *Upjohn Co. v. United State*s, 449 U.S. 383, 401-02 (1981).  Under Rule 26(b)(3), materials protected by the work-product doctrine may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A).

After reviewing SEC000001-11 and SEC0000095-96 *in camera*, the Court denies Murawski's motion to compel.  The SEC's response to interrogatory set one, number two provides Murawski with the facts contained in SEC000001-11, and so its content is available to him by other means.  As to SEC0000095-96, the Court finds that Murawski has not made a showing of substantial need.  Although the SEC did not disclose the facts contained in SEC0000095-96 in its interrogatory response, SEC0000095-96 is not responsive to that interrogatory; it concerns a different subject matter.  Furthermore, it does not contain any of the facts Murawski seeks: when the SEC and Dubois met; whether the SEC kept records of those meetings; and whether they discussed and whether Dubois confessed to the falsifications of documents.  Dkt. No. 49 at 15.

The SEC also submitted for *in camera* review documents SEC0004723-4732, which were not the subject of Murawski's initial motion to compel and the existence of which were disclosed to defendants only after this Court ruled on the motion.  These documents are also protected work product under *Hickman*.  In addition, the SEC has already disclosed the facts contained in SEC0004723-4732 in its response to interrogatory number two, thereby making the information available to Murawski.

//
//
//
//
//
//

Accordingly, the Court DENIES Murawski's motion to compel production of SEC000001-11, SEC0000095-96, and SEC0004723-4732. Any party may file objections to this order within fourteen days of the date the order is filed. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: October 24, 2012

_____
Nathanael M. Cousins
United States Magistrate Judge