UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER SELLS, and others,<br><br>Defendants. | Case No. 11-cv-04941 CW (NC)<br><br>**ORDER COMPELLING RESPONSES TO INTERROGATORIES 8-10**<br><br>Re: Dkt. No. 88 |

Defendant Timothy Murawski and the SEC filed a joint discovery letter brief in which Murawski requests an order compelling the SEC to respond to interrogatories 8-10. The SEC argues that the interrogatories seek protected work product. The question presented is whether the SEC must disclose facts provided by three immunized witnesses to the extent the SEC's allegations are premised on information provided by those witnesses. Dkt. No. 88, Joint Letter Brief, Jan. 29, 2013. Because the Court finds Murawski has shown the information sought by the interrogatories is unavailable by other means and substantially necessary to his case, the Court GRANTS his request for an order compelling responses to interrogatories 8-10.

//

1   The witnesses, Sonia Stahl, Traci Louis,[1] and Dan Griffin, were interviewed by the
2   SEC in 2010. Murawski asserts that these interviews were not recorded by a stenographer.
3   Interrogatories 8-10 ask the SEC to disclose the dates of its communications with the
4   witnesses and to describe the information provided by the witnesses, including information
5   provided during three specific meetings in 2010. Dkt. No. 90-1 at 5-6. The SEC, objecting
6   under the attorney work product doctrine, asserts that the Supreme Court's seminal
7   decision, *Hickman v. Taylor*, 329 U.S. 495 (1947), "specifically held this type of
8   interrogatory was inappropriate." Letter at 4.

9   That is not the holding of *Hickman*. *Hickman* set forth a balancing test for the Court
10  to apply where one party seeks discovery of information hidden in an attorney's files.
11  "Where relevant and non-privileged facts remain hidden in an attorney's files and where
12  production of those facts is essential to the preparation of one's case, discovery may
13  properly be had." *Hickman*, 329 U.S. at 511. The burden rests on the party seeking
14  discovery to establish "adequate reasons" to justify production. *Id.* at 512. The trial judge
15  has discretion to determine whether discovery should be allowed. *Id.*; *see also* Fed. R. Civ.
16  P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that
17  are prepared in anticipation of litigation or for trial . . . ," but a court may order discovery of
18  those materials where a party makes a showing of "substantial need" and unavailability by
19  other means.).

20  In *Hickman*, the party seeking discovery had already made "the most searching
21  inquiries" from the responding party, and the responding party had provided interrogatory
22  responses that "would necessarily have included all pertinent information" gleaned through
23  witness interviews. *Id.* at 508-09. Furthermore, the party seeking discovery had not
24  demonstrated the necessity of the production, or the hardship or injustice caused by a denial
25  of the discovery. *Id.* at 509.

26  This case presents a stark contrast to *Hickman*. Here, there is no evidence presented
27  that the SEC has produced information that was gleaned through the 2010 witness

---

28  [1] The joint letter brief identifies the witness as Traci Davis, but interrogatory 9 refers to "Louis."

1  interviews of Stahl, Louis, and Griffin.  To the contrary, the SEC has asserted every
2  possible objection, including that the requests are "premature," are "inappropriate
3  contention interrogatories," are "irrelevant," and seek information "protected by law
4  enforcement and deliberative process privileges."  Dkt. No. 90-2, SEC objections.  These
5  misplaced, boilerplate objections are overruled.

6  The Court finds that given the procedural and factual posture of this case, Murawski
7  has presented more than "adequate reasons" to justify production, and the Court finds that
8  injustice would be caused by a denial of the discovery.  The content of these witnesses'
9  statements in the 2010 interviews form the basis of the allegations against him, and the SEC
10 has indicated that these witnesses may testify at trial.  Letter at 5.  There is no transcript or
11 recording of these interviews from which Murawski could gather the facts attested to by
12 these witnesses.  The fact that Murawski might depose them now does not make available
13 to him what they said to the SEC in 2010.  And the SEC overlooks the fact that the
14 substance of an immunized interview is itself highly relevant, as it might reveal
15 inconsistencies in testimony or issues that bear on the witness's credibility.  *See, e.g.*,
16 *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1201-02 (C.D. Cal. 1999).

17 Sunshine is ordinarily the best medicine for a party that is keeping discoverable
18 information hidden in the dark.  But where, as here, one party is repeatedly withholding
19 relevant information, stronger medicine may be required.  *See* Dkt. No. 66, Order granting
20 in part Murawski's motion to compel, Aug. 31, 2012.

21 Accordingly, Murawski's motion is GRANTED, and the SEC must respond to
22 interrogatory requests 8-10 within fourteen days of this Order.  If Murawski seeks sanctions
23 in connection with this discovery dispute, his counsel must meet and confer with the SEC
24 and then file a separate motion for sanctions within fourteen days of this Order.  Any party
25 may object to this non-dispositive Order within fourteen days.  Fed. R. Civ. P. 72(a).

26 IT IS SO ORDERED.

27 Date: February 4, 2013                             _____
                                                     Nathanael M. Cousins
28                                                   United States Magistrate Judge

Case No. 11-cv-04941 CW (NC)
ORDER COMPELLING RESPONSES           3