SUPERIOR COURT OF THE STATE OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CHRISTOPHER SELLS and TIMOTHY MURAWSKI,<br><br>　　　　　　　　　Defendants. | Case No. CV 11-04941 CW<br><br>**[PROPOSED] AMENDED PROTECTIVE ORDER GOVERNING PRODUCTION OF DOCUMENTS BY NON-PARTY SAINT BARNABAS MEDICAL CENTER**<br><br>Date Filed: October 6, 2011<br><br>Trial Date: None set. |

## 1. PURPOSES AND LIMITATIONS

Plaintiff Christopher Sells ("Sells") served Non-Party Saint Barnabas Medical Center ("SBMC") with a subpoena dated April 24, 2012 ("Subpoena") requesting production of certain documents in the above-captioned matter. The parties acknowledge that the provisions of the Stipulated Protective Order in this matter, entered August 31, 2012, Docket No. 67 ("Protective Order"), govern the production of documents by SBMC and any protections extended by said Protective Order are fully applicable to SBMC and to documents produced by SBMC during the course of this matter. The Protective Order, including the definitions set forth therein, is fully incorporated herein. The parties to this action and SBMC stipulate to this Amended Protective Order setting forth additional provisions governing solely the production and disposition of documents by SBMC in this matter.

## 2. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

2.1 Pursuant to Federal Rules of Evidence 502(d) and (e), the inadvertent production of information that is privileged or otherwise protected will not operate as a waiver of privilege or work-product protection in this proceeding or in any other federal or state proceeding. For purposes of this Order, an inadvertent production includes a production without prior review of the information for privilege or work product, or with the use of linguistic tools in screening for privilege or work product protection. Nothing in this section precludes a Party from otherwise challenging a claim of privilege or work-product protection.

2.2 In the event that privileged or otherwise protected information is inadvertently produced, the following procedures will apply:

(a) If SBMC discovers that it inadvertently produced information that SBMC claims is privileged or otherwise protected work product, SBMC will promptly (i) advise the Receiving Party of the inadvertent disclosure in writing (unless written notification is impractical), and (ii) explain the basis for the claim of privilege or work-product protection. After being notified, the Receiving Party shall treat the information in compliance with the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

704055294v2
- 1 -
[PROPOSED] AMENDED PROTECTIVE ORDER GOVERNING PRODUCTION OF DOCUMENTS
Case No. CV 11-04941 CW

(b) If a Receiving Party discovers information that it reasonably believes to be privileged or protected work product, the Receiving Party will treat the information in compliance with Federal Rule of Civil Procedure 26(b)(5)(B) and notify SBMC of the disclosure and identify the information. SBMC then has five (5) business days to (i) confirm whether it intends to assert that the information is privileged or work product and (ii) provide the basis for the claim of privilege or protection. The Receiving Party shall at all times treat the specified information in accordance with the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

(c) To the extent the Receiving Party challenges the claim of privilege or work product under this Section, the Parties must meet and confer in an attempt to resolve the matter. If the Parties cannot resolve the dispute, the Party challenging the claim of privilege or work product shall have a reasonable amount of time to present the issue to the Court consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

(d) If a Party receives information that it does not reasonably believe to be privileged or otherwise protected work product, disclosure or use of the information by the Receiving Party, including production to a third party before notice to SBMC that the information was inadvertently produced, will not be deemed a violation of the Protective Order or Amended Protective Order. However, under these circumstances, the Receiving Party is precluded from arguing that SBMC waived privilege or work-product protection based solely on the Receiving Party's disclosure of the inadvertently produced information to a third party.

(e) If the Receiving Party disclosed the inadvertently produced information to a third party before receiving notice of a claim of privilege or work-product protection, it must take reasonable steps to retrieve the information and to return it, sequester it until the claim is resolved, or destroy it.

(f) If, during a deposition, SBMC asserts for the first time that information contained in a marked exhibit was inadvertently produced and is privileged or protected work product and the Receiving Party disputes the assertion, the Receiving Party may present the information to the Court under seal for a determination of the claim on an expedited basis, where

1  appropriate, and reserve the right to seek to question the deponent regarding the challenged
2  information on an expedited basis, if necessary, to the extent not privileged or protected. SBMC
3  shall make reasonable efforts to cooperate with the Receiving Party regarding additional
4  questioning, if any, on such information to the extent ordered by the Court.

(g) Compliance with Federal Rule of Civil Procedure 26(b)(5)(B) does not waive the Receiving Party's right to challenge SBMC's assertion of privilege or work-product protection.

3. <u>JURISDICTION OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK WITH REGARD TO ENFORCEMENT OF SUBPOENA</u>

The Parties and SBMC acknowledge that nothing in this Amended Protective Order, or the conduct undertaken by SBMC pursuant thereto is intended to affect or alter the jurisdiction of the United States District Court of The Southern District of New York, through which the Subpoena was issued to SBMC, with respect to enforcement of the Subpoena.

Dated: January 28, 2013

/s/ Ana N. Damonte
Ana N. Damonte, Esq.
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
(415) 983-1000
*Attorneys for Defendant Christopher Sells*

Dated: January 28, 2013

/s/ Jennifer A. Huber
Jennifer A. Huber, Esq.
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400
*Attorneys for Defendant Timothy Murawski*

Dated: January 28, 2013

/s/ Susan F. LaMarca
Susan F. LaMarca
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street
Suite 2600
San Francisco, CA 94104
(415) 705-2500
*Attorneys for Plaintiff*

Dated: January 28, 2013                    /s/ Paul G. Nittoly
                                           Paul G. Nittoly, Esq.
                                           DRINKER BIDDLE & REATH LLP
                                           A Delaware Limited Liability Partnership
                                           500 Campus Drive
                                           Florham Park, New Jersey 07932-1047
                                           (973) 549-7000
                                           *Attorneys for Non-Party Saint Barnabas Medical Center*

ATTESTATION OF SIGNATURES

Pursuant to General Order 45.X.B. of the U.S. District Court for the Northern District of California, I hereby attest that the foregoing have concurred in the filing of this document.

Dated: January 28, 2013                    /s/ Ana N. Damonte
                                           Ana N. Damonte, Esq.
                                           PILLSBURY WINTHROP SHAW PITTMAN LLP
                                           Four Embarcadero Center, 22nd Floor
                                           San Francisco, CA 94111
                                           (415) 983-1000
                                           *Attorneys for Defendant Christopher Sells*

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated: _____March 20_, 2013             By: _____
                                           Nathanael M. Cousins
                                           United States Magistrate Judge

*IT IS SO ORDERED — Judge Nathanael M. Cousins*

- 4 -
AMENDED PROTECTIVE ORDER GOVERNING PRODUCTION OF DOCUMENTS
Case No. CV 11-04941 CW