IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION, | No. C 11-4941 CW |
| Plaintiff, | ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (Docket No. 92) |
| v. | |
| CHRISTOPHER SELLS, et al., | |
| Defendants. | |

Plaintiff Securities and Exchange Commission (SEC) moves for relief from the non-dispositive pretrial order of a magistrate judge. Defendant Tim Murawski, at the Court's invitation, filed an opposition to the motion. After considering all of the parties' submissions, the Court now denies SEC's motion.

BACKGROUND

SEC seeks relief from Judge Cousins' February 4, 2013 order directing the agency to respond to three of Murawski's interrogatories. Docket No. 91. The interrogatories seek information obtained by SEC during three interviews that it conducted during its pre-filing investigation of Murawski in 2010. SEC contends that the information Murawski requests in those interrogatories is protected by the work product doctrine.

On February 25, 2013, this Court issued an order inviting Murawski to respond to SEC's motion. Docket No. 96. That order asked Murawski to explain why he could not obtain the information requested in the interrogatories by simply taking depositions of the three witnesses that SEC interviewed in 2010.

Murawski filed his response on March 4, 2013.  Docket No. 97. In it, he argues that Judge Cousins' order should stand because (1) Judge Cousins previously granted a similar discovery request in this case, (2) the information Murawski seeks is not protected by the work product doctrine, and (3) Murawski has a "substantial need" for this discovery.  Murawski's only explanation for why he cannot obtain the information he seeks through depositions is that "the Court ruled that depositions in this case must be coordinated with the related class action," Curry v. Hansen Med., Inc., Case No. 09-5094, "and Curry Defendants have suggested that a PSLRA stay of discovery is in effect."  Docket 97, at 2.  He does not cite any statement by the Court or Curry Defendants indicating that a discovery stay is actually in effect.

## DISCUSSION

Murawski has not adequately explained why he cannot take depositions of the three SEC witnesses.  Discovery has not been stayed in this case or in Curry and PSLRA only provides for such a stay when, unlike here, a motion to dismiss is pending.  See 15 U.S.C. § 78u-4(b)(3).  In short, Murawski's contention that he cannot take depositions of the three SEC witnesses is baseless.

Nevertheless, Judge Cousins' order directing SEC to respond to the interrogatories is not contrary to law.  His order specifically distinguishes Hickman v. Taylor, 329 U.S. 495, 508-09 (1947), the principal case on which SEC relies in its motion.  As the order explains, "this case presents a stark contrast to Hickman" because SEC, unlike the producing party in Hickman, has failed to produce any of the information Murawski seeks in its previous responses to his discovery requests.  Docket No. 91, at

2

2-3. Furthermore, Judge Cousins found that Murawski, unlike the party seeking discovery in Hickman, had "presented more than 'adequate reasons' to justify production." Id. at 3. In light of these differences between Hickman and the present case, Judge Cousins' order is adequately supported by law.

Critically, Judge Cousins' order does not direct SEC to turn over its attorneys' actual notes from the 2010 interviews; rather, it directs the agency to respond to Murawski's interrogatories.[1] This diminishes SEC's concerns about disclosing protected work product because it allows the agency to withhold or redact any documents that would reveal the contemporaneous thoughts and opinions of the attorneys who conducted the 2010 interviews. The order only requires SEC to disclose the specific information Murawski requested in his interrogatories.

## CONCLUSION

For the foregoing reasons, SEC's motion for relief from the non-dispositive pretrial order of a magistrate judge (Docket No. 92) is DENIED. SEC must respond to Murawski's Interrogatories 8-10 within ten days of this order.

IT IS SO ORDERED.

Dated: 4/8/2013

CLAUDIA WILKEN
United States District Judge

---

[1] Murawski contends in his response that "SEC is withholding from production more than one hundred pages of its summaries of the interviews." Docket No. 97, at 2. However, as noted above, Judge Cousins' order does not direct SEC to produce these summaries -- it only directs it to respond to Murawski's interrogatories. Nothing in Judge Cousins' order suggests that these interrogatories should be construed as requests for production.

3