UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 11-cv-04941 CW (NC) |
| Plaintiff, | **ORDER GRANTING MURAWSKI'S MOTION FOR DISCOVERY SANCTIONS** |
| v. | |
| CHRISTOPHER SELLS and TIMOTHY MURAWSKI, | Re: Dkt. No. 93 |
| Defendants. | |

In this securities action alleging fraud in revenue recognition, defendant Murawski seeks discovery sanctions of $6,942.50 against the SEC. The sanctions motion follows Murawski's successful motion to compel responses to three interrogatories. Those interrogatories requested information provided to the SEC by three third-party witnesses interviewed by the SEC in 2010. The central question presented is whether the SEC's objections to the requested discovery were "substantially justified." The Court finds that the SEC's objections were not substantially justified because the Court had previously overruled similar objections in this case. As a result, the Court grants the sanctions motion and orders the SEC to pay $6,942.50 in expenses incurred by Murawski in making the motion to compel.

//

Case No. 11-CV-4941 CW (NC)
ORDER GRANTING DISCOVERY SANCTIONS

Murawski's sanctions motion requires a straightforward application of the Federal Rules of Civil Procedure.  Under Rule 37(a)(5)(A), if the Court grants a motion to compel discovery, the Court "must" require the party whose conduct necessitated the motion to pay to the moving party the reasonable costs, including attorney's fees, incurred in making the motion.  Here, the undersigned Magistrate Judge granted Murawski's motion to compel three interrogatory responses, finding that Murawski had presented more than adequate reasons to justify production of the requested information.  Dkt. No. 91, Feb. 4, 2013 order.  The SEC objected to the order.  Chief District Court Judge Claudia Wilken upheld the order.  Dkt. No. 106.  The SEC is the party whose conduct necessitated the motion.

Rule 37, however, sets forth three exceptions to the loser "must pay" sanctions rule.  The Court "must not" order payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Here, based on the declarations submitted by Murawski's counsel, the Court finds that Murawski attempted in good faith to obtain the discovery before filing the motion to compel.

The deciding question is whether the SEC was "substantially justified" in objecting to the interrogatories on the basis of the work-product doctrine.  Here, the Court finds that the SEC's objections were not justified.  The SEC asserts that any sanction would "amount to a punishment for good faith compliance with this Court's prior, August 31 Order."  Dkt. No. 98 at 12.  In the August 31 order, the Court granted in part and denied in part an earlier motion to compel by Murawski arising from his requests for documents, interrogatories and admissions.  Dkt. No. 66.  The Court disagrees that anything in the August 31 order can be interpreted to support the SEC's blanket work-product privilege assertions for the three third-party witnesses subject to the second motion to compel.  In the August 31 order, the Court found that Murawski "may use searching interrogatories to reveal the facts in the possession" of the SEC.  *Id.* at 7 (internal quotations omitted).  The Court overruled the

Case No. 11-CV-4941 CW (NC)
ORDER GRANTING DISCOVERY SANCTIONS
2

SEC's work-product objection as to the Jessica Ayars interviews, in interrogatory number 2. The three interrogatories that are the subject of the motion for sanctions are similar to interrogatory number 2. Because the Court had already ruled on the SEC's work-product assertion as to interrogatories seeking information from witness interviews, the SEC was not "substantially justified" to repeat its previously overruled objection.

Finally, as to whether an award of expenses would be "unjust," the Court finds that awarding sanctions under these circumstances would be just. This sanctions motion arises from the second motion to compel filed by Murawski on some of the same discovery issues. A sanction can serve as a useful mechanism to counteract duplicative and inefficient litigation. Moreover, the expenses requested here, $6,942.50, are proportional to the violation. The Court finds that both the attorney's time spent (13.75 hours) and the rate billed ($460 and $525 per hour for two experienced attorneys at a reputable San Francisco law firm) on the motion to compel are reasonable. The Court disagrees with Murawski's final contention that the SEC also violated Rule 37(b) by failing to answer the interrogatories. Dkt. No. 93 at 8, n.2. If this were a motion arising from a bad faith failure to comply with a court order, a $6,942.50 penalty would not be strong enough medicine.

In sum, the Court finds that the SEC's interrogatory objections were not substantially justified because the Court previously overruled similar objections. The expenses submitted are reasonable. The Court therefore grants the sanctions motion and orders the SEC to pay Murawski $6,942.50 within 14 days of this order. Any party may object to this order, but must do so within fourteen days of the date it is filed. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: September 30, 2013

Nathanael M. Cousins
United States Magistrate Judge