1  JINA L. CHOI (Admitted to the New York Bar)
   SHEILA E. O'CALLAGHAN (Cal. Bar No. 131032)
2    ocallaghans@sec.gov
   SUSAN F. LaMARCA (Cal. Bar No. 215231)
3    lamarcas@sec.gov
   LLOYD A. FARNHAM (Cal. Bar No. 202231)
4    farnhaml@sec.gov

5  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
6  44 Montgomery Street, Suite 2800
   San Francisco, California 94104
7  Telephone:  (415) 705-2500
   Facsimile:  (415) 705-2501

8

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                          OAKLAND DIVISION

13

14  SECURITIES AND EXCHANGE COMMISSION,      Case No. C 11-04941 CW (NC)

15              Plaintiff,

16       v.
                                              [PROPOSED] FINAL JUDGMENT AS TO
17  CHRISTOPHER SELLS and TIMOTHY             DEFENDANT TIMOTHY MURAWSKI
    MURAWSKI,
18
                Defendants.
19

20

21

22

23

24        The Securities and Exchange Commission, having filed a Complaint, and Defendant Timothy

25  Murawski, having entered a general appearance; consented to the Court's jurisdiction over Defendant

26  and the subject matter of this action; consented to entry of this Final Judgment without admitting or

27  denying the allegations of the complaint (except as to jurisdiction); waived findings of fact and

28  conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) and (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(1)     to employ any device, scheme, or artifice to defraud; or

(2)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(1) and (3)] by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, in the offer or sale of any security, directly or indirectly:

(a)     employing any device, scheme, or artifice to defraud; or

(b)     engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section

1   13(a) of the Exchange Act [15 US.C. § 78m(a)] and Exchange Act Rules 12b-20, 13a-1, and 13a-13

2   [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13] by knowingly providing substantial assistance to

3   an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15

4   U.S.C. § 78l] or which is required to file reports pursuant to Section 15(d) of the Exchange Act [15

5   U.S.C. § 78o(d)] in failing to file with the Commission such accurate and complete information,

6   reports, and documents as are required to be filed with the Commission pursuant to Section 13(a) of

7   the Exchange Act [15 U.S.C. § 78m(a)] and the Commission's Rules, including annual reports on

8   Form 10-K and quarterly reports on Form 10-Q.

9                             IV.

10      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and

11   Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or

12   participation with any of them, who receive actual notice of this Final Judgment, by personal service

13   or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly,

14   violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], by knowingly

15   circumventing or failing to implement a system of internal accounting controls or knowingly

16   falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C.

17   § 78m(b)(2)].

18                            V.

19      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and his agents,

20   servants, employees and attorneys-in-fact, and all persons in active concert or participation with any

21   of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each

22   of them, are permanently enjoined and restrained from violating Exchange Act Rule 13b2-1 [17

23   C.F.R. § 240.13b2-1] by, directly or indirectly, falsifying or causing to be falsified any book, record

24   or account subjection to Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

25                            VI.

26      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and his agents,

27   servants, employees and attorneys-in-fact, and all persons in active concert or participation with any

28   of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each

1   of them, are permanently enjoined and restrained from aiding and abetting any violation of Sections

2   13(b)(2)(A) and (B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A) and (B)] by providing

3   substantial assistance to any issuer which has a class of securities registered pursuant to Section 12 of

4   the Exchange Act [15 U.S.C. § 78l] or which is required to file reports pursuant to Section 15(d) of

5   the Exchange Act [15 U.S.C. § 78o(d)] in failing to make or keep books, records or accounts, which,

6   in reasonable detail, accurately and fairly reflect the transactions and dispositions of the issuer's

7   assets, or in failing to devise and maintain a system of internal accounting controls sufficient to

8   provide reasonable assurance that transactions are recorded as necessary to permit preparation of

9   financial statements in conformity with generally accepted accounting principles or other applicable

10   criteria.

11                                              VII.

12        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

13   civil penalty in the amount of $35,000 to the Securities and Exchange Commission pursuant to

14   Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and Section 20(d) of the Securities Act [15

15   U.S.C. § 77t(d)].  Defendant shall make this payment within 14 days after entry of this Final

16   Judgment.

17        Defendant may transmit payment electronically to the Commission, which will provide

18   detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a

19   bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

20   Defendant may also pay by certified check, bank cashier's check, or United States postal money

21   order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

22        Enterprise Services Center
           Accounts Receivable Branch
23         6500 South MacArthur  Boulevard
           Oklahoma City, OK 73169
24

25   and shall be accompanied by a letter identifying the case title, civil action number, and name of  this

26   Court; Timothy Murawski as a defendant in this action; and specifying that payment is made pursuant

27   to this Final Judgment.

28        Defendant shall simultaneously transmit photocopies of evidence of payment and case

1   identifying information to the Commission's counsel in this action.  By making this payment,

2   Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the

3   funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this

4   Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any

5   delinquent amounts pursuant to 28 USC § 1961.

6                                                            VIII.

7          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

8   incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall

9   comply with all of the undertakings and agreements set forth therein.

10                                                           IX.

11         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

12  jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

13                                                           X.

14         There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

15  Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

16

17

18

19  Dated: _____November 6_, 2013

20                                                    Claudia Wilken
                                                      UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28