IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>CHRISTOPHER SELLS,<br><br>    Defendant.<br>_____/ | No. C 11-4941 CW<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Docket No. 120) |

Plaintiff Securities and Exchange Commission (SEC) brought this securities fraud action against Defendant Christopher Sells under the 1933 Securities Act, 15 U.S.C. §§ 77a et seq., and the 1934 Exchange Act, 15 U.S.C. §§ 78a et seq.[1] Sells now moves for partial summary judgment. SEC opposes the motion. After considering the parties' submissions and oral argument, the Court denies the motion.

BACKGROUND

Sells served as a senior vice president of a California-based medical device company, Hansen Medical, Inc., from June 2008 to October 2009. Docket No. 116, C. Sells Decl. ¶ 2. During that time, he directed sales of Hansen's main product, a robotic surgical device known as the Sensei Robotic Catheter System. Id. Hansen sold roughly two dozen of these devices while Sells was employed there.

---

[1] SEC originally also brought claims against Timothy Murawski but subsequently reached a settlement with Murawski with respect to those claims. Final judgment as to Murawski was entered on November 6, 2013. Docket No. 126.

In the present action, SEC alleges that Sells participated in a scheme to misrepresent the dates of certain sales of the Sensei System in order to recognize revenue for the company during specific fiscal quarters.  In particular, SEC alleges that Sells sought to recognize revenue prematurely from Sensei System sales to four hospitals: the Cincinnati VA Medical Center (Cincinnati, OH), Yale-New Haven Hospital (New Haven, CT), St. Joseph's Hospital (Atlanta, GA), and St. Barnabas Medical Center (Livingston, NJ).  Sells moves for summary judgment on all eight of SEC's claims with respect to the Cincinnati VA, Yale-New Haven, and St. Barnabas transactions.  He does not move for summary judgment with respect to the St. Joseph's transaction.

## DISCUSSION

As explained at the hearing, Sells' motion must be denied because SEC has presented sufficient evidence to meet its summary judgment burden.  Specifically, it has submitted sufficient evidence to support an inference that Sells knew of -- and possibly even facilitated -- the alleged plan to recognize revenue prematurely.

First, with respect to the Yale-New Haven sale, SEC has presented evidence that Sells knew that Hansen recognized revenue in December 2008 even though the company had failed to complete the physician-training requirement that month.  It points, in particular, to e-mails that Sells received on December 28 and December 29 stating that Hansen had yet to obtain a physician's signature for the training certificate which it needed to complete before recognizing revenue from the sale.  See Docket No. 130-4, L. Farnham Decl., Exs. 26, 27.  Although Sells submitted evidence

2

1 suggesting that he never instructed Hansen's clinical account
2 manager to forge the physician's signature on the training
3 certificate, this is does not constitute undisputed evidence that
4 he lacked scienter.  The e-mails SEC submitted are sufficient to
5 suggest that Sells knew that the physician-training requirement
6 was never completed in December 2008 and, thus, that the revenue
7 from the sale was recognized prematurely.

8     Second, with respect to the Cincinnati VA and St. Barnabas
9 transactions, SEC has presented evidence indicating that Sells
10 knew that the company completed temporary sham installations of
11 the Sensei System at these hospitals for the purpose of
12 recognizing revenue from the sales before the devices could be
13 permanently installed and put to use.  See Docket No. 130-9,
14 Farnham Decl., Ex. 61, Henry Decl. ¶¶ 3-4; Docket No. 128-1,
15 Franham Decl., Ex. 1, Buck Depo. at 94:10-:24.  Although Sells
16 submits documents showing that the Cincinnati VA and St. Barnabas
17 signed off on the temporary installations, these documents do not
18 exculpate him because SEC's evidence suggests that the Cincinnati
19 VA and St. Barnabas acquiesced to the temporary installations at
20 Hansen's request.  See, e.g., Docket No. 130-9, Franham Decl., Ex.
21 37, at 3 (September 2008 e-mail from Hansen representative
22 proposing temporary installation plan to Cincinnati VA).  Sells'
23 evidence therefore does not demonstrate that the temporary
24 installations were not completed for the primary purpose of
25 recognizing revenue from the sales prematurely.

26     Nor does the fact that members of Hansen's finance department
27 may have known about the temporary installations.  As noted at the
28 hearing, these employees may have been complicit in the alleged

3

scheme to recognize revenue prematurely so their knowledge of the plan would not necessarily insulate Sells from liability. In any event, SEC has presented sufficient evidence here to raise a factual dispute as to whether Hansen's finance department did know about temporary installations. See Docket No. 130-3, Farnham Decl., Ex. 15, Ware Depo. 219:9-220:20. Thus, Sells' evidence does not show that he did not participate in the alleged revenue recognition scheme nor that he lacked the requisite scienter.

In sum, because the Court must draw all reasonable inferences in favor of SEC, Sells is not entitled to summary judgment on the claims arising from the Cincinnati VA, Yale-New Haven, or St. Barnabas transactions. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (requiring that all reasonable inferences be drawn in favor of the nonmoving party); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

## CONCLUSION

For the foregoing reasons, Defendant's motion for partial summary judgment (Docket No. 92) is DENIED. A final pretrial conference will be held at 2:00 p.m. on March 5, 2014. A twelve-day jury trial will commence at 8:30 a.m. on March 17, 2014.

IT IS SO ORDERED.

Dated: 12/9/2013

CLAUDIA WILKEN
United States District Judge